UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL NO. 3:22-CR-00184-01**<br>**CIVIL NO. 3:25-CV-00596** |
| **VERSUS** | **JUDGE DAVID C. JOSEPH** |
| **PAUL ANTHONY LEWIS (01)** | **MAGISTRATE JUDGE KAYLA D. MCCLUSKY** |

**RULING AND ORDER**

Before the Court is a PRO SE MOTION TO ALTER OR AMEND JUDGMENT UNDER RULE 59(e), TO EXPAND THE RECORD, FOR AN EVIDENTIARY HEARING, AND TO RENEW THE REQUEST FOR A CERTIFICATE OF APPEALABILITY filed by defendant Paul Anthony Lewis ("Lewis") (the "Motion"). [Doc. 125]. The Government filed a response to the Motion. [Doc. 130]. For the following reasons, the Motion is DENIED.

The facts and procedural history of this matter are set forth in detail in the Court's Memorandum Ruling dated August 3, 2026, and will not be repeated herein. [Doc. 123]. The parties are referred to that Ruling for the relevant factual and procedural background pre-dating the filing of the Court's Memorandum Order and Judgment dismissing with prejudice the Petitioner's Motion to Vacate Under 28 U.S.C. § 2255 [Docs. 123, 124], issued on August 3, 2026. On September 3, 2026, the Petitioner filed a Notice of Appeal to the Fifth Circuit of that Order and Judgment, [Doc. 126], as well as the instant Motion, which seeks relief under F. R. Civ. P. 59(e).

As the Government explains in its response brief, Rule 12 of the Rules Governing Section 2255 Proceedings for the United States District Courts authorizes

district courts to apply the Federal Rules of Civil Procedure and of Criminal Procedure when appropriate and not inconsistent with applicable statutes or rules.[1]

Pursuant to the Federal Rules of Appellate Procedure applicable to civil cases, if a motion to alter or amend the judgment under Rule 59 is timely filed after a notice of appeal as to the judgment has been filed, "the notice becomes effective to appeal a judgment or order, in whole or part, when the order disposing of the last such remaining motion is entered." FRAP 4(a)(4)(A)(iv); FRAP 4(a)(4)(B). Thus, if a motion filed under 59(e) is timely, the Court may consider that motion although the notice of appeal was filed. *See, e.g., Banister v. Davis*, 590 U.S. 504, 517 (2020) ("A Rule 59(e)motion briefly suspends finality to enable a district court to fix any mistakes and thereby perfect its judgment before a possible appeal."); *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 59, 103 S. Ct. 400, 402, 74 L. Ed. 2d 225 (1982) ("in order to prevent unnecessary appellate review," Rule 4(a)(4) gives the district court "express authority to entertain a timely motion to alter or amend the judgment under Rule 59, even after a notice of appeal has been filed.").

A motion to alter or amend judgment "must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). *See also Banister* 590 U.S. at 516 (Rule 59(e) affords a prisoner a "narrow window" to ask for relief — 28 days, with no

---

[1] As to appeals, the Federal Rules of Appellate Procedure applicable to civil cases are relevant here. *See, e.g*, *Montes v. United States*, 2023 WL 9183673, at *1 (S.D. Tex. Oct. 13, 2023), *report and recommendation adopted*, 2024 WL 98224 (S.D. Tex. Jan. 9, 2024) (stating that "motions to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 are considered quasi-civil" and, thus, the Federal Rules of Appellate Procedure applicable to civil cases to the appeal of a § 2255 motion are germane).

extensions."). Here, the judgment was entered on August 3, 2026, [Doc. 124], and any Rule 59(e) must have been filed no later than August 31, 2026. Petitioner filed the instant Motion on September 3, 2026, [Doc. 125], and it is, therefore, untimely.

To the extent Petitioner contends that his Motion is timely under the prison mailbox rule, that argument is without merit. The rule deems a prisoner's filing made when it is delivered to prison officials for mailing to the court, provided the prisoner establishes the date of deposit through a declaration, notarized statement, postmark, or date stamp showing that the notice was so deposited and that postage was prepaid. *Huskey v. Jones*, 860 F. App'x 322, 324 (5th Cir. 2021), *citing Medley v. Thaler*, 660 F.3d 833, 840 (5th Cir. 2011); Fed. R. App. P. 4(c)(1)(A). The burden is on the *pro se* prisoner to make at least a preliminary showing that he tendered the filing to prison officials. *Duran v. Davis*, 934 F.3d 407, 412–13 (5th Cir. 2019).

Petitioner has not made that showing here. Although he declares that he deposited the Motion and attachments in Pollock's legal-mail system with postage prepaid, [Doc. 125, p. 7], the record contradicts that assertion. First, the envelope contains no indication that it was processed through Pollock's legal-mail system or that postage was prepaid. [Doc. 125-3]. Second, the Government provides the Declaration of Neal Bordelon, Supervisory Correctional Systems Specialist for the Federal Bureau of Prisons, at the Federal Correctional Complex in Pollock, Louisiana, which includes the United States Penitentiary, Federal Correctional Institution, and adjacent minimum-security satellite camp. [Doc. 130-1, ¶ 1]. In his Declaration, Mr. Bordelon states that, as part of his official duties, he supervises

mailroom operations at Pollock and is familiar with mailroom procedures. Mr. Bordelon states that the envelope used by the Petitioner was not processed through the institution's mailroom and lacked a TRULINCS-generated label. *Id.* at ¶ 3. Mr. Bordelon further concluded, based on his experience, that the envelope appeared to have been taken to the post office and mailed by another person.[2] *Id.*

The prison mailbox rule does not apply when a prisoner's filing is submitted through an outside intermediary rather than the institution's mailing system. *Cousin v. Lensing*, 310 F.3d 843, 847 & n.2 (5th Cir. 2002); *Benitez v. Davis*, 2020 WL 1815865, at *9 (S.D. Tex. Apr. 9, 2020). Accordingly, Petitioner is not entitled to the benefit of the mailbox rule, and the Motion is untimely.

## CONCLUSION

Considering the foregoing,

IT IS HEREBY ORDERED that the PRO SE MOTION TO ALTER OR AMEND JUDGMENT UNDER RULE 59(E), TO EXPAND THE RECORD, FOR AN EVIDENTIARY HEARING, AND TO RENEW THE REQUEST FOR A CERTIFICATE OF APPEALABILITY filed by Paul Anthony Lewis [Doc. 125] is DENIED.

THUS, DONE AND SIGNED in Chambers on this 17th day of September 2026.

DAVID C. JOSEPH
UNITED STATES DISTRICT JUDGE

[2] Bordelon stated specifically that the prison mailroom would not have provided the Petitioner with a flat-rate envelope with a Priority Mail label. [Doc. 130-1, ¶ 3].